**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KEVIN SCHELL,

*Plaintiff,*

v.

CITY OF ELSBERRY, MISSOURI,

*Defendant.*

No. 4:26-cv-00597-MAL

## Memorandum and Order

Defendant City of Elsberry, Missouri, has filed a Motion to Dismiss Plaintiff Schell's Complaint. (Doc. 7). The Court **GRANTS** the motion to dismiss Count I and **DENIES** the motion to dismiss Counts II and III.

## I. Background

Plaintiff Schell worked as a police officer for the City of Elsberry, Missouri ("the City"). (Doc. 1-1 at ¶ 9). Because of his young son's surgery, Schell sought permission from Chief of Police Dwayne Lewis to apply for leave under the Family Medical Leave Act ("FMLA"). (*Id.* at ¶ 16). Lewis refused. (*Id.* at ¶ 24). As a result, Schell took an informal unpaid leave to care for his son. (*Id.* at ¶ 26). During Schell's leave, the City required Schell to attend a court hearing. (*Id.* at ¶ 28). Eventually, Schell asked to return to work, but the City allowed multiple weeks to pass without allowing Schell to return to work. (*Id.* at ¶¶ 30–33). Schell sought guidance from City Clerk Rachel Reed, but Reed refused to discuss the matter with Schell. (*Id.* at ¶ 37).

At some point, Schell received a letter from the City claiming that Schell would be investigated for alleged misconduct. (*Id.* at ¶ 43). Schell alleges that the letter was retaliation against him for reporting suspected violations of the FMLA. (*Id.* at

¶ 45). Schell met multiple times with City officials to resolve his issues with the City, but to no avail. (*Id.* at ¶¶ 46–57).

On September 25, 2024, the City Council voted to terminate Schell's employment as a police officer. (*Id.* at ¶ 58). Schell alleges that an ineligible alderman participated in the vote, thereby rendering the vote invalid. (*Id.* at ¶¶ 59–62). Schell is prepared to resume his duties as a police officer at any time, but the City has not offered him work. (*Id.* at ¶¶ 64–65).

In May 2025, Schell applied for the newly vacant Chief of Police position. (*Id.* at ¶¶ 67–68). At the interview, City officials spent the whole time discussing Schell's personal injury claim that Schell alleges was unrelated to the position's qualifications and was not a claim against the City. (*Id.* at ¶¶ 71–73).

On February 6, 2026, Schell filed this lawsuit in Missouri state court. (Doc. 1 at 1). Count I of the Complaint alleges that the City violated § 105.055 of the Missouri Revised Statutes. (Doc. 1-1 at 11). Count II alleges that the City interfered with Schell's rights under the FMLA. (*Id.* at 13–14). And Count III alleges that the City retaliated against Schell for seeking to exercise his rights under the FMLA. (*Id.* at 16). Shortly after Schell filed the suit, the City removed the case to federal court. (Doc. 1). Then the City moved to dismiss all three counts. (Doc. 7).

## II. Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the 'grounds'

on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. At this stage, the Court accepts as true the factual allegations in the complaint. *Id.*

Determining whether well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id.*

## III. Application of Law to Facts

In its Memorandum in Support of the Motion to Dismiss, the City argues that Count I should be dismissed because of § 105.055's 1-year statute of limitations. (Doc. 8 at 5). The City argues that Counts II and III should be dismissed because Schell is not an "eligible employee" within the meaning of the FMLA. (Doc. 8 at 3). The Court agrees with the former argument but not the latter. Thus, Count I is dismissed, and Counts II and III may proceed.

### A. Count I is dismissed because Schell did not file suit within the 1-year statute of limitations.

Count I—violation of the Public Employee Whistleblower Act, in § 105.055 of the Missouri Revised Statues—is dismissed because Schell did not file suit within § 105.055's 1-year statute of limitations. Mo. Rev. Stat. § 105.055.7(1). Schell argues that his injury is ongoing because the City never properly terminated his employment. (Doc. 12 at 8). The Court disagrees.

### i. Legal Standard

Section 105.055.3(1)(a) of the Missouri Revised Statutes prohibits a supervisor from "tak[ing] any disciplinary action whatsoever against a public employee" who discloses information evidencing a "violation of any law, rule, or regulation." Mo. Rev. Stat. § 105.055.3(1)(a). The statute defines "disciplinary action" as "any dismissal, demotion, transfer, reassignment, suspension, reprimand, warning of possible dismissal or withholding of work[.]" Mo. Rev. Stat. § 105.055.1(1). A person alleging a violation may "bring a civil action against the public employer for damages *within one year after the occurrence of the alleged violation*." Mo. Rev. Stat. § 105.055.7(1) (emphasis added).

### ii. Application of Law to Facts

Schell filed his lawsuit in Missouri State Court on February 6, 2026. (Doc. 1 at 1). This was over a year after his September 25, 2024 dismissal. (Doc. 1-1 at ¶ 58). Thus, Schell did not file suit within the 1-year statute of limitations. Mo. Rev. Stat. § 105.055.7(1).

Schell argues that the injury is ongoing because he was never truly dismissed. (Doc. 12 at 8–9). Schell is wrong. The issue comes down to the proper interpretation of the word "dismissal" in § 105.055.1(1). Schell seems to be arguing that an unlawful dismissal is not a true dismissal within the meaning of the provision. (Doc. 12 at 8–9). But such a view collides with the word's ordinary meaning. Under Missouri law, courts interpreting a statutory provision "consider the words used in their plain and ordinary meaning." *Union Elec. Co. v. Metro. St. Louis Sewer Dist.*, 258 S.W.3d 48, 54 (Mo. 2008). Webster's Second New International Dictionary gives the word "dismiss" the following definition: "[t]o send or remove from office, service, or employment; discharge; as, the king *dismisses* his ministers." Webster's Second New International Dictionary 749 (1957). Nothing in this definition suggests that unlawful dismissals are not dismissals.

Thus, whatever improprieties the City Council may have committed on September 25, 2024, they certainly dismissed Schell on that date. (Doc. 1-1 at ¶ 58). As of September 25, 2024, Schell was no longer a public employee. Consequently,

none of the City's actions after that date could possibly violate § 105.055.3(1)(a)'s prohibition against wrongfully disciplining "a public employee." Mo. Rev. Stat. § 105.055.3(1)(a). It follows that any violations of the provision must have occurred over a year before Schell filed suit. Count I is dismissed on statute of limitations grounds.

### B. Counts II and III may proceed because Schell has adequately alleged that he is an eligible employee within the meaning of the FMLA.

Counts II and III may proceed because Schell has adequately alleged that he is an eligible employee within the meaning of the FMLA. The City argues that judicially noticeable records demonstrate that Schell is not an eligible employee. (Doc. 8 at 3). The Court disagrees.

#### i. Legal Standard

Under the FMLA, an employee is generally not eligible for FMLA protection if fewer than 50 people are employed at his worksite. 29 U.S.C. § 2611(2)(B)(ii). But an employee may be eligible if the employer has at least 50 people employed within 75 miles of that worksite. 29 U.S.C. § 2611(2)(B)(ii). It follows that a person is not an eligible employee if his employer employs fewer than 50 people altogether.

#### ii. Application of Law to Facts

At the motion to dismiss stage, the Court must accept the factual allegations in the plaintiff's complaint. *Twombly*, 550 U.S. at 556. Schell alleges that the City employs at least 50 people within 75 miles of Schell's worksite. (Doc. 1-1 at ¶ 20). Thus, at this stage, Schell has adequately alleged that he is an eligible employee.

The City argues that judicially noticeable public records prove that the City employs fewer than 50 people. (Doc. 8 at 4). It points to tax and payroll records that it filed with the Court alongside its Motion to Dismiss. (Docs. 8-1, 8-2). These records do seem to show that the City conducted payroll and paid taxes for fewer than 50 people every year from 2020 to 2024. *Id.*

But even if the Court may judicially notice these records, they do not demonstrate that the City employed fewer than 50 people within the FMLA's

meaning. The City's records do not indicate whether employees of local agencies, such as the library, emergency services, and the tree board, are included. *Compare* Doc. 12 at 10–11 (listing other agencies that may be under the City's control) *and* Doc. 12-1 at 13 (same) *with* Docs. 8-1 (compiling the City's tax returns) and 8-2 (city tax returns listing number of employees but not indicating whether the other agencies are included). Whether employees of those agencies should be counted as City employees requires "case-by-case" analysis. *See* 29 C.F.R. § 825.108(c)(1) ("Whether two agencies of the same State or local government constitute the same public agency can only be determined on a case-by-case basis."). Thus, there is a factual dispute about the number of City employees for FMLA purposes. A court considering a motion to dismiss cannot resolve such factual disputes. *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2005) ("[The Court] cannot resolve a factual dispute on a motion to dismiss"). Therefore, the Court must apply the normal rule for motions to dismiss: Schell's allegations must be credited. *Twombly*, 550 U.S. at 556. Consequently, the Court declines to dismiss Counts II and III.

## Conclusion

Accordingly, the Court **GRANTS** the motion to dismiss Count I and **DENIES** the motion to dismiss Counts II and III.

**SO ORDERED,**

This 20th day of October, 2026.

*Maria A. Lanahan*

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE